Case 2:19-cv-09597-JTM   Document 23   Filed 10/24/22   Page 1 of 13

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Oct 24 2022

CAROL L. MICHEL
CLERK

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NO: 19-9597

TAM LE

*Petitioner,*

VERSUS

DARREL VANNOY, Warden,
Louisiana State Penitentiary;
State of Louisiana,

*Respondents.*

# OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

ON BEHALF OF PETITIONER

Respectfully submitted,

Tam Le #605788
MPEY/Mag-3
Louisiana State Penitentiary
Angola, LA 70712

PREPARED BY
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA 70712

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAM LE, #605788                                         CIVIL ACTION

                                                        NUMBER: 19-9597
Vs.
                                                        JUDGE: _____

DARREL VANNOY, WARDEN                                   MAGISTRATE: DANA M. DOUGLAS

## OBJECTION TO
## MAGISTRATE'S REPORT AND RECOMMENDATION

MAY IT PLEASE THE COURT:

NOW INTO COURT comes Tam Le, (Petitioner) in a Pro-Se capacity, who respectfully presents his "Objection to Magistrate's Report and Recommendation"; and who respectfully prays this Honorable Court will accept and consider same as timely, and thereafter subsequent to conducting a de novo review of the Magistrate's Report and Recommendation, reject said recommendation of dismissal of Mr. Le's petition for federal habeas corpus relief; thus, granting him federal habeas corpus relief by annulling, vacating, and setting aside the state-court conviction and sentence.

On April 22, 2019, Mr. Le filed his Petition for Writ of Habeas Corpus to this Honorable Court. On September 27, 2021 (received October 1, 2021), the State filed its Response to Mr. Le's Petition, which he Traversed on October 11, 2021.

Report and Recommendation was made by U.S. Magistrate Judge Douglas on October 6, 2022 (received October 10, 2022). The foregoing timely Objection are written objections to those proposed findings, conclusions, and recommendation.

At this time, Mr. Le is objecting to the Magistrate's Report and Recommendation in its entirety, and for this Court's convenience, Mr. Le is objecting to the Commissioner's Report and Recommendation in the same order as it was argued by Magistrate Dana M. Douglas.

\\Mapd05\ICS\lp-dconstance80\My Documents\clients\L\Le Tam #605788\Le Tam obj mag.odt

*Tam Le v. Darrel Vannoy, Warden*                      1.

Furthermore, as the United States Supreme Court has denied retroactivity for the use of non-unanimous jury verdicts in *Edwards v. Louisiana*, Mr. Le is willingly removing this Issue from these proceedings, and is resubmitting such to the State courts for further review.

### NOTICE OF PRO-SE FILING

Mr. Le requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### LAW AND ARGUMENTS

Mr. Le's Objections are based on the following: (in part)

"Under the underlined application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court decision, but unreasonably applies that principle to the facts of the prisoner's case. [Held by the United States Supreme Court] in *Williams v. Taylor*, 529 U.S. 362, 405-406 412-13 (2000)

### PROCEDURE AND EXHAUSTION

All parties agrees that these Claims are timely and exhausted. However, the Magistrate has erroneously determined that Issue No. 1 should not be reviewed due to the procedural bar during Appeal in this matter. Mr. Le had resubmitted this Issue, and argued that his trial counsel was ineffective for failing to object to the testimony.

*Issue No. 1: Opinion Evidence:*

Mr. Le has properly argued that he was denied a fair and impartial trial when the trial court allowed Detective Nicaud to offer opinion evidence concerning the credibility of the alleged victims and Mr. Le.

Although the Magistrate has recommended that this Issue be denied because the State courts had denied such during Appeal due to procedural grounds, it appears as though the courts have failed to consider that Mr. Le has re-argued this Issue on collateral review, including arguing that his trial counsel was ineffective for failing to object to the improper testimony, and to include federal argument with this Issue. Although the state court had denied this Issue on procedure during Appeal, Mr. Le was

given review during collateral review.

It must be noted that Detective Nicaud's testimony included opinion testimony that should have been deemed inadmissible. Detective Nicaud actually testified as a "walking, talking, lie detector test" during these proceedings; informing the jury that he believed that the alleged victims' statements were 100% truth. In fact, Det. Nicaud informed the jury that after he made the determination that the alleged victims were telling him the truth, he also determined that they were more credible that Mr. Le; and that he gave credibility to their mother's demeanor was consistent with a person receiving devastating news.

Furthermore, although Det. Nicaud has never been a part of the Vietnamese culture, the court allowed him to testify that the Vietnamese culture frowned on reporting these types of cases because it was a "disgrace" to their culture.

All of this testimony coming from an officer of the law, with years of service, definitely influenced the jury during their deliberations. In fact this Court must determine that Det. Nicaud had merely "bolstered" the testimony of the alleged victims and their mother. This isn't a neighbor or a friend who had who were familiar with these individuals; this is an officer of the law who has only had limited contact with them.

*Issue No. 2: Admission of "Other Crimes:"*

Mr. Le agrees with the Magistrate that this Issue is not cognizable for federal review, and that there is no controlling United States Supreme Court precedence.

*Issue No. 3: Allen Charge:*

Mr. Le has already conceded that he is not entitled to relief concerning the Issue of the *Allen* charge by the Court.

*Issue No. 4: non-unanimous jury verdict:*

Mr. Le concedes that he is not entitled to federal relief pursuant to the United States Supreme Court ruling in *Edwards v. Louisiana*.

*Issue No. 5: Ineffective Assistance of Counsel:*

*First and foremost*, had counsel objected to the testimony of Brian Nicaud (the investigating officer) and Denise Matherne (the victim's guidance counselor), he would have obtained relief during Appeal as noted in Justice Johnson's dissenting opinion during the course of Mr. Le's Supervisory Writ to the Louisiana Supreme Court.

There was no physical evidence supporting the allegations, nor were there any behavioral abnormalities noted during the relevant time period. Despite the scarceness of evidence, the jury convicted Mr. Le. Mr. Le suspects that the inflammatory nature of the allegations coupled with the detective's credibility call concerning the parties and the guidance counselor's conclusions from the medical records resulted in an innocent man being sent to jail for the rest of his life after the Court's refusal to declare a mistrial after the jury advised they were deadlocked in their deliberations.

Amazingly, Brian Nicaud had testified that since he had been an investigator for an extended period of time, he could "automatically" determine that the alleged victims were telling the truth. It appears as though he was testifying as a "walking, talking" lie detector test. He also testified as an "expert" in the Vietnamese culture with his testimony concerning that delayed reporting was a part of their culture. It must be noted that there was nothing in the record to support his presumptions.

Most amazingly, Denise Matherne, a guidance counselor testified as to medical reports which had *never been submitted* as evidence to the Court or to the jury. She was able to testify that she had determine that these alleged victims were victims of sexual abuse due to the fact that the medical reports were "consistent with" sexual abuse.

This Court must note that the testimony of Detective Nicaud and Denise Matherne contains testimony which is subject to the rules and confines of *Daubert v. Dow Pharmaceuticals*, 509 U.S. 579 (1993), and defense counsel should have made the Court aware of such.

This Court must also note that Denise Matherne had *"diagnosed"* the alleged victims as having been sexually abused. Ms. Matherne is a Guidance Counselor who is qualified to do mental health therapy. Ms. Matherne is not even qualified to *diagnose* mental health illnesses. Therefore, as she has never attended medical school, or any of the schools that specialize in child sexual abuse, how can she *diagnose* sexual abuse? There was no evidence or testimony presented during the course of these proceedings which would verify Ms. Matherne's *diagnosis*. As stated numerous times in these proceedings, Ms. Matherne had actually testified that she had *diagnosed* sexual abuse of the alleged victims from the medical records which *were not* presented as evidence she had reviewed

Counsel should have objected to the testimony of Detective Nicaud and Denise Matherne during these proceedings. Had counsel objected, and argued that neither of these witnesses can be considered as "expert" witnesses, their testimony would have been deemed improper by the Court of Appeal. In order to preserve the issues for Appeal, a contemporaneous objection must entered into the record.

*Law Enforcement Opinion:*

Trial counsel was ineffective for failing to object when the State's lead detective opined regarding the credibility of the accusers, the credibility of the accused and aspects of Vietnamese culture tending to support the concept of "delayed reporting." Besides lacking any expertise to make such claims, this officer was able to opine regarding the ultimate fact: whether the accusations were true, and conversely, whether Mr. Le could be believed when he maintained his innocence.

As stated in Mr. Le's Application for Post-Conviction Relief w/ Memorandum in Support, the State began its case by eliciting testimony from Brian Nicaud who is the lead detective for the St. Tammany Parish Sheriff's Office. He opined the following: the mother's demeanor was consistent with a person receiving "devastating news"(Rec.p. 336); Vietnamese culture frowns upon reporting these kinds of cases; believed the victims provided consistent testimony and gave "100% truth;" and acknowledged

denying culpability, the defendant's statement confirmed his (Nicaud) belief that an arrest was justified.

Although the Code of Evidence allows for lay witnesses opinions for facts within their personal knowledge, counsel is hard pressed to see the veracity of these two witnesses could fall within this category (LSA-C.E. Art. 701).

In this case, Nicaud more or less provided an "expert opinion" concerning the children's veracity based upon his years of experience even though he was not formally tendered as an "Expert." Regardless, his position as a law enforcement officer is an esteemed position and often given a high level of credibility by trial juries. It is established that expert testimony on the victim's credibility is prejudicial when it places the expert's "stamp" of truthfulness on the witness' testimony and artificially bolsters it before the jury.

Perhaps the most significant issue in this case for the jury to resolve is whether the victims were credible, especially since Mr. Le denied culpability to the police and at trial. Their testimony did not provide much in the way of information and an abnormal amount of cross-examination responses were non-responsive. In this situation, the jury was able to rely upon the lead detective's assurances that should never have been allowed:

Q: If you had believed that the children were lying to you and that the mother had put them up to it, would you have obtained that arrest warrant?
A: No. (Rec.p. 339. lines 17-21)

And in response to a line of questioning why the grandparents weren't interviewed, Nicaud stated:

A: ... It was to my understanding from my experience and my years of investigation on the Slidell Police Department I felt those girls were telling me the one-hundred percent truth (Rec.p. 353, lines 11-15).

Nicaud also used his testimony as a chance to comment on Mr. Le's veracity and basically told the jury that his claims of innocence should not be believed. In this regard, Nicaud testified as follows:

Q: After your interview with the defendant, did that change your mind in any way about the

|   |   |
|---|---|
| | status of the case? |
| A: | Confirmed it. (Rec.p. 340, lines 3-6). |
| Q: | Have you learned anything since writing that report that would tend to show he did not commit the crime you had him arrested for? |
| A: | No new knowledge. (Rec.p. 340, lines 14-17). |
| Q: | Were you convinced of his denial of the allegations that he had not done it? |
| A: | No. (Rec.p. 364, lines 23-25). |

It appears as though Detective Nicaud testified as a living, breathing *lie detector test*. Another critical aspect of this case was the significant delay in reporting the alleged crime. Nicaud had an opinion for this as well that commented on these types of cases in general and also opined about Vietnamese culture despite professing, and being qualified in either area. Regardless, the jury should not have heard comments such as:

| | |
|---|---|
| A: | There is really no normal. It is consistent there is time from the actual event to reporting on most cases ... [y]ou can seek weeks, months, years. (Rec.p. 331, lines 9-13). |
| A: | ... as far as her culture, this not something that is reported. It is a disgrace ... (Rec.p. 336, lines 27-29). |

These series of quotations demonstrate that Detective Nicaud was placing his expert stamp of approval upon the testimony of two victims and his stamp of disapproval on the profession of innocence by Mr. Le.

In a case such as this where there isn't a shred of corroborating physical evidence or independent witness testimony offered in support of the allegations, the "backing" of an experienced law enforcement officer is extremely prejudicial and warrants a reversal of conviction. Mr. Le is unaware of any valid trial strategy by defense counsel that would desire such adverse testimony to be brought before the jury.

The state court's rulings take a contrary position and found this failure to object, noting that counsel attacked the detective's credibility. But, the detective's credibility really isn't at issue. No one claims he lied or planted evidence. The issue is whether he should have been permitted to give opinion testimony

\\Mspd05\CS\lp-dconstance80\My Documents\clients\L\Le Tam #605788\Le Tam obj mag.odt

*Tam Le v. Darrel Vannoy, Warden*                7.

on the credibility of another witness. This case should have consisted of one-on-one testimony; accuser versus accused; adding the endorsement of the Sheriff's office heavily tips the scale against Mr. Le.

Furthermore, the Courts' reliance upon jurisprudence for lay witnesses to give opinions is misplaced. A police officer is not a pure lay witness. In essence, they are state actors and normally considered part of the prosecutorial team. Additionally, Detective Nicaud's opinions are not rationally based on first had perceptions. His conclusions are not objectively falsifiable. They are his *biased* assertions. They should never have been admitted at trial.

*The Guidance Counselor:*

In Mr. Le's Pro-Se Supplement to his Application for Post-Conviction Relief, he challenges his trial counsel's effectiveness for failing to conduct a *Daubert* (509 U.S. 579 (1993)) hearing when the guidance counselor of his accusers was allowed to opine about the credibility of their accusations.

During the course of the trial, the State presented Ms. Denise Matherne (Tr. 10/29/12, p. 95), who was the Guidance Counselor at the Intercultural Charter School, as expert witness as a Licensed Professional Counselor who is qualified to do mental health therapy, **not diagnosis**. It must be noted that Ms. Matherne admitted that she has **never** testified in Court (Tr. 10/29/12, p. 98),[1] much less has she ever been accepted as an expert witness.

Mr. Le contends that the **only** purpose of Ms. Matherne's testimony was to improperly bolster the credibility of the alleged victims in this case.

During the course of Direct Examination, Ms. Matherne testified to the veracity of the allegations through the use of medical examinations **which had not been presented** to the Court, nor had a physician verified the findings of any medical doctors.

Ms. Matherne also testified that she had reviewed the medical records concerning the alleged

---

1 Under the provisions of LSA-R.S. 46:1844 (W), Mr. Le was not entitled to retain a copy of a transcript of his trial. This Claim is being argued from Mr. Le's notes.

victim, and her "professional" opinion was that, according to the medical reports, sexual abuse had occurred. Again, Mr. Le would like this Court to note that Ms. Matherne is "qualified" to provide therapy, not diagnose.

Had counsel objected to the "expert" testimony Brian Nicaud and Denise Matherne, the outcome of these proceedings would have been different as noted by Justice Johnson's dissent, where he stated:

> In this case a police officer with twenty-two years experience testified before the jury that the victims were telling "one-hundred percent the truth," and a school counselor was accepted as an expert and testified that from her "professional perspective" that she saw nothing "inconsistent" with sexual child abuse. It cannot be said that the jury's verdict was surely attributable to these errors, and they are therefore not harmless.

As the error was not harmless, without such, the jury would have rendered a different verdict in this matter. Therefore, counsel's failure to object to such cannot be considered "harmless error."

A.i. *Additional pertinent facts:*

Although the State has included additional testimony from Detective Nicaud, this Court must note that even though there was additional testimony as to the reason that Det. Nicaud believed the girls accusations, this Court must remember that, as Det. Nicaud had already testified as to his expertise of the Vietnamese culture, and his "ability" to determine whether an individual was telling the truth, one cannot un-ring *a bell* once it has tolled.

## CONCLUSION

Based on the foregoing, Mr. Le submits that his Issues for habeas corpus relief are with merit, and that he should have been afforded the opportunity to have his trial counsel testify during the course of an evidentiary hearing. The Writ should therefore be issued. These Issues prove that the outcome could have been different had these constitutional errors been omitted from the trial.

Furthermore, Mr. Le requests that this Honorable Court review these Issues both singularly and cumulatively. Although each Issue may not warrant relief in itself, the totality of the Issues warrant relief in this matter.

Respectfully submitted,

Tam Le, #605788

## CERTIFICATE OF SERVICE

I, Tam Le, #605788, hereby certify that a true and correct copy of the forgoing has been served upon the Clerk of Court in the United States District Court for Louisiana, via electronic filing pilot program, this 18th day of October, 2022.

Tam Le

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAM LE

-Versus-

DARREL VANNOY, Warden

CIVIL ACTION

NUMBER: 19-9597

SECTION: "H" (3)

## FORM 7. DECLARATION OF INMATE FILING

I am an inmate confined in an institution. Today, October 18, 2022, I am depositing the Objection to the Magistrate's Report and Recommendation in this case in the institution's internal mail system for electronic filing by the Legal Programs Department.

I declare under penalty that the foregoing is true and correct (see: 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Tam Le #605788

# eFile-ProSe

| | |
|---|---|
| **From:** | Angola E-Filing <EML-FED-ANG-Printers@LA.GOV> |
| **Sent:** | Monday, October 24, 2022 12:46 PM |
| **To:** | eFile-ProSe |
| **Subject:** | Angola E-Filing |
| **Attachments:** | DOC #605788124549.pdf |

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.