# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30559

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

Tam Q. Le,

*Petitioner—Appellant,*

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary,*

*Respondent—Appellee.*

———————————————————

Application for Certificate of Appealability
the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-9597

———————————————————

ORDER:

Tam Q. Le, Louisiana prisoner # 605788, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging his convictions for aggravated rape. He contends that (i) the trial court erred by giving the jury a coercive charge under *Allen v. United States,* 164 U.S. 492 (1896), after the jurors informed the court that they were deadlocked during deliberations; (ii) his constitutional rights were violated when he was convicted by a nonunanimous jury; and (iii) he received ineffective assistance when his trial counsel (a) failed to object to the testimony of detective Brian Nicaud on the ground that it bolstered the

No. 24-30559

victims' credibility; (b) failed to request a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to assess whether Denise Mathern qualified as an expert; and (c) failed to object to Mathern's testimony on the ground that it bolstered the victims' credibility.

Le fails to reprise in his COA pleadings his claims raised in his § 2254 application that (1) the trial court erred by allowing a witness to offer opinion evidence regarding the credibility of the victims; (2) the trial court erred by admitting other crimes evidence regarding Le's prior bankruptcy filing and failing to provide a limiting instruction to the jury; and (3) his counsel was ineffective for failing to request a limiting instruction related to Le's prior bankruptcy filing. Accordingly, those issues are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1995). Furthermore, Le conceded in his objections to the magistrate judge's report and recommendation that he was not entitled to federal habeas relief with respect to his *Allen* charge claim and his nonunanimous jury claim—i.e., the claims described in (i) and (ii), above. As such, the district court's denial of a COA did not encompass those waived claims, and this court lacks jurisdiction to consider them. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018).

Le otherwise fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As such, a COA is DENIED.

_____

KURT D. ENGELHARDT
*United States Circuit Judge*